IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

SAMUEL MANRIQUEZ,

       Plaintiff,

v.                                Case No. 2:22-cv-00406

KANAWHA COUNTY SHERIFF'S DEPARTMENT, *et al.*,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are a Motion to Dismiss Borchers and Martin and Substitute the United States of America as Defendant with respect to claims brought under the Federal Tort Claims Act ("FTCA") [ECF No. 41]; a Motion to Dismiss and/or for Summary Judgment filed by Borchers and Martin [ECF No. 43]; and Plaintiff's Motion to Dismiss Borchers and Martin [ECF No. 47]. By Standing Order, this matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the Court, it is hereby **ORDERED** that the referral of these pending motions to the Magistrate Judge is **WITHDRAWN,** and the undersigned will proceed to rule thereon.

## I.    Plaintiff's Allegations and Pending Motions.

On September 22, 2022, Plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution at Beckley, West Virginia, filed a complaint against the Kanawha County Sheriff's Department ("KCSD") and several of its employees

whose identities were not then properly known, arising out of Plaintiff's arrest on February 17, 2021.  [ECF No. 2].  Thereafter, Plaintiff twice amended his complaint, and this matter is now proceeding on the Second Amended Complaint [ECF No. 23], which alleges that, during his arrest, Deputy Sheriff Ashley Keadle, Sgt. Josh Cochran, Cpl. Josh Martin, and Lt. Borchers beat him until he was unconscious, despite the fact that he had surrendered and was not resisting, and after he had been bitten by a KCSD K-9.  Plaintiff contends that these defendants violated his federal constitutional right to be free from excessive force and he seeks monetary damages from each defendant.  [ECF No. 23 at 5].

The KCSD, Keadle, and Cochran filed an Answer to the Second Amended Complaint and discovery is proceeding concerning Plaintiff's claims against those defendants.  However, Defendants Martin and Borchers filed the instant Motions to Dismiss and/or Motion for Summary Judgment asserting that, for purposes of this civil action, they have been deemed to be employees of the United States of America and, thus, the claims against them must be addressed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and the Supreme Court's decision in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  Martin and Borchers filed one motion to dismiss asserting that, with respect to Plaintiff's FTCA claims, they should be dismissed as individual defendants, with the United States of America being substituted as the proper defendant.  [ECF Nos. 41 and 42].  Martin and Borchers also filed a second motion to dismiss and/or for summary judgment asserting that Plaintiff's FTCA claim should be dismissed for failure to exhaust

required administrative remedies, and that his *Bivens* claims against them should be dismissed for failure to state a plausible claim upon which relief can be granted. [ECF Nos. 43 and 44]. These defendants alternatively argue that they are entitled to qualified immunity on Plaintiff's claims against them. [*Id.*]

Pursuant to the holding of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was notified that he had the right and an obligation to file a response to these motions and of his evidentiary obligations with respect to responding to a motion for summary judgment. [ECF No. 46]. On May 9, 2024, in lieu of responding to Defendants' motions, Plaintiff filed his own Motion to Dismiss Martin and Borchers, asserting that he wished to voluntarily dismiss those defendants so that he could attempt to exhaust an administrative claim against them. [ECF No. 47 at 1]. Plaintiff's motion indicates that he was unaware that Martin and Borchers were acting as federal employees at the time of the subject incident resulting in his failure to exhaust a federal administrative claim. [*Id.*] Plaintiff also filed two declarations addressing his version of the facts generally giving rise to his claims. [ECF Nos. 48 and 49]. However, Plaintiff has not provided any legal argument in opposition to Defendants' motions.

On May 14, 2024, Defendants Martin and Borchers filed a response to Plaintiff's motion to dismiss and declarations asserting that Plaintiff has admitted that he failed to exhaust his administrative remedies under the FTCA and, thus, such claims must be dismissed for lack of subject matter jurisdiction. *See McNeil v. United States,* 508 U.S. 106, 113 (1993); *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir.

1990). [ECF No. 50 at 1]. They further assert that Plaintiff's declarations fail to raise any legal arguments to oppose dismissal of his *Bivens* claims against them, or their assertion that they are entitled to qualified immunity. [*Id.* at 1-2]. These matters are ripe for resolution.

## II.    Standards of Review.

### A.    Dismissal under Rule 12(b)(6).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy

4

the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

B.      Summary Judgment under Rule 56.

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and

5

the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).  Material facts are those necessary to establish the elements of a party's cause of action.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim.  *Celotex,* 477 U.S. at 322-23.  The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's claim.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

Once the moving party demonstrates such a lack of evidence, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial.  *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).  "A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements."  *Brown v. Showboat Altantic City Propoco, LLC*, No. 08-5145, 2010 WL 5237855, *2 (D.N.J. Dec. 16, 2010) (citing *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001).  Rather, "the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party."  *Id.* (citing *Anderson*, 477 U.S. at 256-57).  Accordingly, summary judgment will generally be granted unless a reasonable jury could render a verdict for the non-moving party on the evidence presented.  *Anderson,* 477 U.S. at 247-48.

A court must not resolve disputed facts or weigh the evidence and may not make determinations of credibility.  *Russell v. Microdyne Corp., 65 F .3d* 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986).  Rather, the

party opposing the motion is entitled to have his or her version of the facts accepted as true and to have all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.,* 84 F. Supp.2d 751 (N.D.W. Va. 2000).

## III.   Discussion.

A.    Plaintiff's FTCA claims.

Pursuant to the Intergovernmental Personnel Act of 1970, as amended, which authorizes the assignment of employees from state or local governments to federal agencies, it is undisputed that Defendants Martin and Borchers, who were assigned from the Kanawha County Sheriff's Department to serve as Special Deputies on the Cuffed Task Force of the United States Marshals Service, were deemed to be employees of the United States who were acting within the scope of their employment during the events giving rise to Plaintiff's complaint. [ECF Nos. 41-1,41-2, and 41-3]. See also 5 U.S.C. §§ 3371–76. Thus, their conduct is subject to the parameters of the FTCA, including its administrative exhaustion requirement, which is jurisdictional. *See Muth v. United States*, 1 F.3d 246. 249 (4th Cir. 1993); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986). The Supreme Court and Fourth

Circuit have made it clear that the failure to exhaust such remedies prior to filing a lawsuit requires dismissal of the lawsuit. *McNeil, supra*, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (finding that dismissal of unexhausted FTCA claim was required).

Plaintiff's own motion acknowledges that he has not exhausted the required administrative remedies with respect to his claims against Martin and Borchers. Thus, it is apparent that dismissal without prejudice for lack of subject matter jurisdiction is required with respect to Plaintiff's FTCA claims.

B.    Plaintiff's *Bivens* claims.

Martin and Borchers further assert that, although Plaintiff's complaint does not expressly state a claim based on *Bivens*, his Second Amended Complaint could be liberally construed to be making such a claim. [ECF No. 44 at 6]. Nonetheless, they further assert that Plaintiff's allegations do not support a plausible claim against them under the limited circumstances in which *Bivens* liability has been recognized, and that Plaintiff has alternative available remedies. [*Id.* at 6-18]. At the outset, it is unclear whether Plaintiff also intended to dismiss any alleged *Bivens* claims against Martin and Borchers, as he has offered no legal argument to rebut Defendants' motions. Because his accompanying declaration discusses alleged conduct by Martin and Borchers, however, out of an abundance of caution, I will address the application of *Bivens* herein.

8

As noted by these defendants, in 1971, the Supreme Court created an implied cause of action for money damages under the Fourth Amendment in *Bivens* where the plaintiff alleged that federal narcotics agents manacled him, threatened his family, engaged in a warrantless search, and arrested him without a warrant. 403 U.S. at 389, 397. Although not discussed in any detail, the *Bivens* opinion also characterized the plaintiff's complaint to include an allegation that "unreasonable force was employed in making the arrest." *Id.* at 389.

Since *Bivens*, the Supreme Court has extended such liability only twice: (1) an implied cause of action under the Fifth Amendment for sex discrimination by a United States Congressman in *Davis v. Passman*, 442 U.S. 228 (1979); and (2) an implied cause of action under the Eighth Amendment for a federal prisoner's claim of inadequate medical care in *Carlson v. Green*, 446 U.S. 14 (1980). Defendants assert that, after *Carlson*, the Supreme Court "came to appreciate more fully the tension between this practice and the Constitution's separation of legislative and judicial power[,]" *Hernandez v. Mesa*, 589 U.S. 93, 99 (2020), and has "declined 11 times to imply a similar cause of action for other constitutional violations." *See Egbert v. Boule*, 596 U.S. 482, 484 (2022). [ECF No. 44 at 6-7]. Thus, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity" and has affirmatively stated that, if "called to decide *Bivens* today, [it] would decline to discover any implied causes of action in the Constitution." [*Id.* at 7, quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) and *Egbert*, 596 U.S. at 491, 502]. Consequently,

the Court has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Correctional Servs. Corp. v. Malesko,* 534 U.S. 61, 68 (2001).

Courts faced with a potential *Bivens* claim must now engage in a two-step inquiry to determine whether the case presents "a new *Bivens* context" and, if so, whether there are "special factors" that counsel against extending such liability. *Egbert*, 596 U.S. at 492-93 (other citations omitted). Essentially, the Court must determine "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* at 492.

Martin and Borchers argue that this case "presents a new *Bivens* context," because, unlike *Bivens*, which involved a warrantless search and arrest by narcotics agents, Plaintiff was arrested by task force officers with a different federal agency, the United States Marshals Service ("USMS"), pursuant to validly obtained warrants. Thus, these Defendants assert that Plaintiff's case "differs from *Bivens* in a meaningful way" and "would be an extension to a new category of defendants." [ECF No. 44 at 12-13]. Defendants point to a recent decision by the United States Court of Appeals for the Tenth Circuit declining to extend *Bivens* liability to similar claims against members of a USMS task force. *See Logsdon v. United States Marshal Service*, 91 F.4th 1352 (10th Cir. 2024). The *Logsdon* Court specifically found:

> Of particular relevance here is a duty of the USMS that was not a factor considered in *Bivens*. The USMS is statutorily required to partner with state and local law-enforcement authorities to create Fugitive Apprehension Task Forces, which are directed and coordinated by the USMS. *See* 34 U.S.C. § 41503(a). And it has the authority (which was exercised in this case) to federally deputize officers from other jurisdictions to perform the functions of a Deputy U.S. Marshal. *See* 28 C.F.R. § 0.112(b). These officers act under color of federal law when

acting in that capacity. *See Yassin v. Weyker*, 39 F.4th 1086, 1090-91 (8th Cir. 2022). Chilling participation in joint task forces is therefore a potential cost of expanding *Bivens* to Deputy U.S. Marshals. *See Cain* [*v. Rinehart*, No. 22-1893,] 2023 WL 6439438, at *4 [(6th Cir. July 25, 2023)] ("[A]llowing claims for damages against members of federal fugitive-apprehension task forces could impair the government's recruitment of officers to participate in those task forces and could negatively affect task members' performance of their duties."); *see also Egbert,* 596 U.S. at 499, 142 S. Ct. 1793 ("Recognizing any new *Bivens* action entails substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." (brackets and internal quotation marks omitted)). We are confident that the Supreme Court would hold "that the Judiciary is not undoubtedly better positioned than Congress to authorize a damages action in [this] context," *Egbert*, 596 U.S. at 495, 142 S. Ct. 1793, where the impact of potential liability on cooperation among law-enforcement agencies needs to be assessed.

91 F.4th at 1358-59; *see also Cain*, *supra*, 2023 WL 6439438, at *4 (finding "meaningful distinction" between USMS and agency involved in *Bivens*); *Lewis v. Westfield*, 640 F.Supp.3d 249, 253-54 (E.D.N.Y. 2022), *aff'd*, 2023 WL 8613873 *2 (2d Cir. Dec. 13, 2023) (members of the USMS represents a new category of defendants and thus is a new context different than in *Bivens*). [ECF No. 44 at 13-14].

Martin and Borchers further argue that Plaintiff's *Bivens* claim fails because Plaintiff has available alternative remedies. [*Id.* at 14-18]. In *Egbert*, the Supreme Court held that *Bivens* should not be extended to those contexts where a plaintiff has alternate remedies available to him. 596 U.S. at 493. ("Finally, our cases hold that a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'"), citing *Ziglar*, 582 U.S. at 136-37; *see also Bulger v. Hurwitz,* 62 F.4th 127, 140 (4th Cir. 2023), quoting *Dyer v. Smith*, 56 F.4th 271, 279 (4th Cir. 2022) ("An alternative

remedy weighs against recognizing a new *Bivens* claim even if it is less effective than the damages that would be available under *Bivens* and is not expressly identified by Congress as an alternative remedy."). [*Id.* at 15].

Here, Defendants assert that alternative remedies exist under the USMS's statutory and regulatory grievance process and the FTCA administrative process. [*Id.* at 16-17]. Defendants cite to several cases holding that the USMS internal grievance procedure and the Department of Justice's Office of Inspector General (OIG) investigation process are adequate alternative procedures that preclude application of *Bivens* to cases such as this. *See Cain*, 2023 WL 6439438, at *4; *David v. Dotson*, No. 20-13123, 2021 WL 5353099, *2 (11th Cir. Nov. 17, 2021). [*Id.* at 16]. They also point to an alternative tort remedy under 31 U.S.C. § 3724, permitting settlements by the Attorney General of claims for personal injury, death, or property damage caused by investigative or law enforcement officers employed by the Department of Justice for "not more than $50,000." [ECF No. 44 at 18]. [*Id.* at 18].

While *Bivens* and the instant case both involve allegations of excessive force, the *Egbert* Court made clear that such "superficial similarities are not enough to support the judicial creation of a cause of action" and emphasized that the *Bivens* Court did not "meaningfully" undertake a review of any special factors counseling against extension of an implied damages remedy. 596 U.S. at 495. Considering this binding Supreme Court precedent, the Fourth Circuit has consistently declined to extend potential *Bivens* liability to new contexts such as that presented here. Moreover, at least four of our sister circuits have now concluded that this precedent

counsels against extending *Bivens* liability to USMS task force members.  *See Robinson v. Sauls*, 102 F.4th 1337 (11th Cir. 2024); *Logsdon, supra*, 91 F.4th at 1358-59; *Cain, supra*, 2023 WL 6439438 at *4; *Lewis v. Bartosh*, 2023 WL 8613873 (2d. Cir. Dec. 13, 2023).

I agree that the facts of this case present a new context involving a new category of defendants against whom Plaintiff had or has alternative available remedies.  Thus, I **FIND** that Plaintiff's alleged federal constitutional claims against Defendants Martin and Borchers constitute an improper extension of *Bivens* liability requiring dismissal of such claims as a matter of law.[1]

## IV.    Conclusion.

For the reasons stated herein, it is hereby **ORDERED** that Plaintiff's Motion to Dismiss Defendants Martin and Borchers [ECF No. 47] is **GRANTED**, and Plaintiff's FTCA claims against Martin and Borchers are **DISMISSED WITHOUT PREJUDICE**.  It is further **ORDERED** that Martin and Borchers' Motion to Dismiss and Substitute the United States of America [ECF No. 41] and their Motion to Dismiss and/or for Summary Judgment [ECF No. 43] are **DENIED AS MOOT** with respect to their arguments concerning Plaintiff's FTCA claims.  However, it is further **ORDERED** that Martin and Borchers' Motion to Dismiss and/or for Summary Judgment [ECF No. 43] is **GRANTED** with respect to Plaintiff's *Bivens* claims.

---

[1] Based upon my findings that the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim and that there is no plausible *Bivens* claim, I find it inappropriate and unnecessary to address Defendants' qualified immunity arguments raised in their motion.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:     August 21, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE